IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSEPH RAYMOND MOLINA,**

   Plaintiff,

   v.                                                        Civil No. 12-1559 (GAG)

**THE PEOPLE OF PUERTO RICO,**

   Defendant.

**MEMORANDUM, OPINION AND ORDER DISMISSING PETITIONER MOLINA'S WRIT OF HABEAS CORPUS**

On August 1, 2012, the court ordered Petitioner Molina to show cause as to why his federal habeas corpus petition, filed under 28 U.S.C. § 2254, should not be dismissed without prejudice for his failure to avail himself of available state remedies. (See Order at Docket No. 15.) Petitioner has responded (Docket No. 16). The court is, thus, ready to rule on the matter.

At the outset, the undersigned district judge agrees with his predecessor judge in that the court has subject-matter jurisdiction to entertain this action. (See Order at Docket No. 11.) This, however, does not automatically allow the court to review the merits of the habeas petition at this time. Particularly, if state remedies have not been exhausted, the case must be dismissed without prejudice.

The federal habeas statute, 29 U.S.C. § 2254(b)(1)(A) provides that an application for a writ of habeas shall not be granted unless it appears that state prisoner has exhausted the remedies available in the court of the State. See e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "[i]f he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In this District, long-standing precedent holds that a Petitioner, such as Molina in this

instance, must avail himself of the two-tier system for post-conviction relief established by the Puerto Rico Legislature. See Maldonado Pagan v. Malave, 145 Fed. Appx. 375, 376-77 (1st Cir. 2005); Rodriguez v. Warden, Escuela Industrial de Mujeres, Vega Alta, 791 F.Supp. 41, 43 (D.P.R. 1992). In the case at bar, after Petitioner was convicted and sentenced, he appealed to the Puerto Rico Court of Appeals, which affirmed the conviction. Thereafter, he filed before the Puerto Rico Supreme Court a writ of certiorari, which was denied. However, Petitioner did not file a motion under P.R. R.CRIM.P. 192.1, P.R. Laws Ann. tit. 34, App. II. R. 192.1, nor a state habeas petition under P.R. Laws Ann. tit. 34 §§ 1741-1743. Accordingly, he did not exhaust his state remedies. See Ortiz Sanchez v. de Leon, Civil No. 08-2236 (CCC), 2011 WL 4625977, at *2 (D.P.R. Sept. 30, 2011).

The court further notes that Petitioner's appeal and certiorari petition, as well as the present habeas petition, raise factual issues not raised before the state trial court. Specifically, therein, he points to new evidence obtained post conviction, consisting of sworn information which Petitioner argues shows serious and extreme bias on behalf of the state court judge who tried and sentenced him, resulting in a violation of his Federal Due Process rights. This would require that Petitioner first bring this matter to the attention of the State trial court, and not the appellate forums, which do not make credibility nor weight of the evidence determinations. This, again, evidences his failure to properly exhaust state remedies.

Notwithstanding Petitioner's failure to exhaust state remedies, he contends in his Response to Order to Show Cause (Docket No. 16) at pages 6-10, 13-14, and 15, that the Commonwealth's judicial system is politicized to such an extreme that it deprives him of any available state corrective process. For example, he states:

> The Supreme Court [Chief] Justice Federico Hernandez Denton abstained, leaving only the majority PNP appointed justices to denied [sic] the writ. (See Docket No. 16 at 6.)

He further states:

> It is common knowledge that the New Progressive Party, who appointed - recently- a total of five PNP Supreme Court Justices, has been trying to have Chief Judge Federico Hernandez Denton removed as Chieft Judge to have a PNP designated judge replace him. (See id. at 8-9.)

**Civil No. 12-1559 (GAG)**                                     3

Next, he concludes that the victim in this case -former Governor and Congressman Carlos Romero Barcelo "controls as Vice-President of the New Progressive Party the appointment of judges and justices." (See id. at 9.) Such suggestions permeate the habeas petition.

This same argument has previously been rejected by the Supreme Court within the Younger context. See Huffman v. Pursue, Ltd., 420 U.S. 592, 610 (1975) (explaining that Article VI of the United States Constitution declares that "the Judges in every state shall be bound" by the Federal Constitution, laws and treaties, and declining to formulate a rule on the assumption that state judges will not be faithful to their constitutional responsibilities); see also Jou v. Chang, 350 F. Supp. 2d 862, 869 (D. Hi. 2004) (same); Olson v. Fajardo Velez, 419 F. Supp. 2d 32, 45 (D.P.R. 2006) (same).

Once a judge or justice is sworn-in to his position, his or her only loyalty is to the Constitution and laws of the United States, and in the case of state judges, to the Constitution and Laws of the State, as well. The Justices of the Puerto Rico Supreme Court are appointed for life, as are federal judges. The purpose of such life tenure, envisioned by the American Nation's Founding Fathers, and followed by the Framers of the Puerto Rico Constitution, is to allow for judicial independence and the separation of powers.

It is legally unfounded and irresponsible to make such blanket assertions of political bias against the Justices of the Puerto Rico Supreme Court –irrespective of who appointed them– in this, as well as in any other case. More so, it is also ethically irresponsible and sanctionable conduct to do so, without more. See In re Gonzalez Cardona, 179 D.P.R. 548 (2010) (holding that Puerto Rico Canon 9 of Professional Ethics is violated by counsel who unjustifiably attack integrity of judges); In re Cordova Gonzalez, 135 D.P.R. 260 (1994) (disbarring counsel for Canon 9 violations based on unjustifiable attacks to the integrity of federal judges).

Accordingly, Petitioner's habeas petition is **DENIED** without prejudice. His federal claims should, in the first instance, be addressed by the Commonwealth courts.

In addition, the court hereby **SANCTIONS** attorney Ricardo Izurrieta in the amount of $2,000.00 for his statements regarding the Justices of the Puerto Rico Supreme Court. This court cannot tolerate such unfounded allegations. See In re Zeno, 504 F.3d 64, 67 (1st Cir. 2007) (noting

**Civil No. 12-1559 (GAG)**           4

an attorney cannot simply allege a litany of speculative accusations which raise doubt as to a judge's impartiality). Notwithstanding any reconsideration motion filed with the court, or any further appeal filed regarding this order, the sanction shall be deposited with the clerk of court by Monday, September 3, 2012. A copy of this Memorandum, Opinion and Order and counsel's response shall be provided to the Puerto Rico Supreme Court for its consideration as possible violations of the Puerto Rico Canons of Ethics.

**SO ORDERED**.

In San Juan, Puerto Rico this 13th day of August, 2012.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge